UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| LEAGUE OF WOMEN VOTERS OF NEW JERSEY, NAACP NEW JERSEY STATE CONFERENCE, WILLIAM M. RIGGS, SHAMISA ZVOMA, and DEBORAH J. RISKA,<br><br>Plaintiffs,<br><br>v.<br><br>TAHESHA WAY, in her official capacity as Secretary of the State of New Jersey,<br><br>Defendant. | No. 20-cv-05990-MAS-LHG<br><br>**STIPULATION AND ORDER GRANTING PRELIMINARY INJUNCTION** |

**WHEREAS**, on May 18, 2020, Plaintiffs League of Women Voters of New Jersey, NAACP New Jersey State Conference, and William M. Riggs filed their Complaint, ECF No. 1, against Defendant Secretary Tahesha Way ("Defendant"), in her official capacity as Secretary of the State of New Jersey, alleging that New Jersey's existing signature verification procedures for mail-in voting violate the First and Fourteenth Amendments of the United States Constitution; and

**WHEREAS**, on June 3, 2020, Plaintiffs League of Women Voters of New Jersey, NAACP New Jersey State Conference, William M. Riggs, Shamisa Zvoma, and Deborah J. Riska (collectively, "Plaintiffs") filed their

1

Amended Complaint, ECF No. 11, against Defendant, alleging that New Jersey's existing signature verification procedures for both mail-in and provisional voting violate the First and Fourteenth Amendments of the United States Constitution; and

**WHEREAS**, on June 3, 2020, Plaintiffs filed a motion for a preliminary injunction with supporting declarations and a supporting memorandum of law; and

**WHEREAS**, Plaintiffs and Defendant (collectively, the "Parties") have agreed to the provisions set forth herein to resolve Plaintiffs' pending motion for a preliminary injunction, which provisions shall govern only the primary election scheduled to take place in New Jersey on July 7, 2020; and

**WHEREAS**, the Parties agree that this Stipulation and Order is not a final judgment, does not resolve Plaintiffs' claims except as to the July 7, 2020 primary elections, and is entered without prejudice to any claims, defenses, or potential relief respecting any future elections;

**WHEREAS**, this Stipulation and Order shall not be construed as an admission by Defendant as to the merits of Plaintiffs' claims;

**NOW, THEREFORE, IT IS STIPULATED AND AGREED, by and among the Parties, and HEREBY ORDERED by the Court, as follows:**

1. Plaintiffs' motion for a preliminary injunction, ECF No. 12, is granted.

2. Defendant shall forthwith direct all County Boards of Elections and their members, agents, employees and representatives (collectively, the "Evaluators") who are responsible for authenticating or verifying mail-in ballots pursuant to N.J. Stat. § 19:63-17 and/or authenticating or verifying ballots pursuant to N.J. Stat. § 19:53C-13 (collectively, "Signature Matching"), as follows:

   a. All Evaluators shall receive, and be directed to comply with, written guidance stating as follows:

   When verifying signatures, evaluators should keep in mind that everyone writes differently, and no one signs their name exactly the same way twice. Some variation in signatures is to be expected. There are many factors that can lead to signature variance, including but not limited to age, disability, underlying health conditions, writing implement/surface, level of concentration, and educational background. Studies have shown that evaluators are more likely to declare genuine signatures to be non-genuine than they are to accept a non-genuine signature as genuine. We hope to prevent these errors. Evaluators should presume that the documents were signed by the same person and must accept a signature as valid unless there is a clear discrepancy that cannot be reasonably explained.

   b. Evaluators shall track all mail-in and provisional ballots that are tentatively rejected due to Signature Matching or because a signature is missing. Within 24 hours after the decision has been made to tentatively reject a ballot due to a signature, Evaluators shall issue a Cure Letter to the voter whose ballot has been tentatively rejected. The

3

      Cure Letter shall inform the voter that their ballot has been tentatively rejected because the ballot envelope did not have a signature or the signature could not be verified using the voter's signature on file.

  c. Every Cure Letter sent pursuant to Subparagraph 2(b) above shall include:

      i. A Cure Form, pre-printed with the voter's name, which shall instruct the voter that they may cure the signature impairment by completing the form and returning it to the Board of Elections in person, by fax, or by email at or before 2:00 p.m. on July 23, 2020, or by mail such that it is received by the Board of Elections by close of business on July 23, 2020; and (ii) a postage-paid, addressed envelope that the voter may use to return the form if they elect to do so by mail. Cure Forms shall not be referred to as affidavits and shall not be required to be sworn. Voters shall not be required to submit any form of hard-copy identification document or copy thereof in order to cure a signature impairment, but may do so in accordance with Paragraph 2(d)(ii) below.

  d. Cure Forms shall solicit the voter to:

      i. Declare that they submitted their provisional or mail-in ballot;

4

      ii. Verify their identity by either:

          1. Providing their Driver License Number or Motor Vehicle Commission Non-driver ID Number; or,

          2. If the voter does not have a Driver License Number or Motor Vehicle Commission Non-driver ID Number, providing the last four digits of their Social Security Number; or,

          3. If the voter has neither a Driver License Number, Motor Vehicle Commission Non-driver ID Number, or the last four digits of their Social Security Number, attaching a legible copy of a state-accepted form of identification, which shall include a sample ballot which lists the voter's name and address; an official federal, State, county or municipal document which lists the voter's name and address; or a utility or telephone bill or tax or rent receipt; and

      iii. Sign and date the form prior to returning it.

   e. If a voter timely returns a completed Cure Form and the information provided verifies their identity, their otherwise valid mail-in or provisional ballot shall be counted in the final election results

      irrespective of any impairment previously identified as a result of Signature Matching. If a voter elects to attach a copy of a State-accepted identification document to their Cure Form pursuant to Paragraph 2(d)(ii)(3) above, the address listed on such document need not match the voter registration address provided that the document otherwise verifies the voter's identity.

  f. Under no circumstances may Cure Forms be verified or authenticated using Signature Matching.

  g. A provisional or mail-in ballot may not be rejected due to signature impairment unless Evaluators comply with all provisions of this Paragraph 2.

3. Defendant shall issue guidance advising each County Board of Elections to, at a minimum, meet in advance of Election Day and eight days after Election Day in order to discharge their duties pursuant to Paragraph 2, and to thereafter meet regularly in order to accomplish the same. Such guidance shall encourage these meetings to occur in addition to any other statutorily mandated meetings of the Board.

4. Defendant shall direct each County Board of Elections to report to the New Jersey Division of Elections the following information on July 15, 2020:

    a. Whether they have completed processing all mail-in and provisional ballots pursuant to Paragraph 2(b); and

    b. If such processing has not been completed, (i) the number of mail-in and provisional ballots pending staff review; (ii) by when staff review of the received mail-in and provisional ballots will be completed; (iii) the number of mail-in and provisional ballots that have been set aside for County Board of Elections review, but have not yet been acted on by the Board, and (iv) when the Board intends to meet to process those ballots.

5. Defendant shall provide to Plaintiffs' counsel the information contained in the reports received pursuant to Paragraph 4.

6. Defendant shall direct the New Jersey Division of Elections to conduct a public awareness and education campaign in advance of the July 7, 2020 primary election concerning the importance of a voter's signature on their mail-in or provisional ballot.  Such campaign shall be reasonably designed so as to (i) alert voters that provisional and mail-in ballots are verified using Signature Matching; (ii) inform voters that in the event a ballot is tentatively rejected as a result of Signature Matching, voters are entitled to receive notice of the tentative rejection and an opportunity to cure the purported impairment; and (iii) provide

7

voters with a basic understanding of the notice and cure process set forth in Paragraph 2 above. The information described in this Paragraph 6 shall, at minimum, appear on the Division of Elections' website and social media pages, and be made available to counties and advocacy groups to disseminate.

7.  The relief set forth herein shall be implemented without delay and so as to be effective for the primary election scheduled to take place in New Jersey on July 7, 2020.

8.  This Stipulation and Order is not a final judgment, does not resolve Plaintiffs' claims except as to the July 7, 2020 primary election, and is entered without prejudice to any claims, defenses, or relief respecting future elections.

9.  The bond requirement of Fed. R. Civ. P. 65(c) is waived.

**STIPULATED AND AGREED AS TO FORM AND ENTRY:**

| CAMPAIGN LEGAL CENTER | NEW JERSEY OFFICE OF THE ATTORNEY GENERAL |
|---|---|
| _/s Danielle Lang_ | s/Susan M. Scott |
| Danielle Lang* | Susan M. Scott |
| Rob Weiner* | Deputy Attorney General |
| Ravi Doshi* | 25 Market Street |
| Dana Paikowsky*^ | P.O. Box 112 |
| 1101 14th Street NW, Suite 400 | Trenton, NJ 08625 |
| Washington, DC 20005 | |
| | *Counsel for Defendant* |

KAUFMAN LIEB LEBOWITZ & FRICK LLP

_____/s/_____
Alanna Kaufman
David A. Lebowitz*
10 East 40th Street, Suite 3307
New York, NY 10016

NEW JERSEY INSTITUTE FOR SOCIAL JUSTICE

 /s Ryan Haygood
Ryan Haygood
Andrea McChristian*
Henal Patel
60 Park Place, Suite 511
Newark, New Jersey 07102

*Counsel for Plaintiffs*

* Applications for admission
*pro hac vice* pending

^Licensed in CA only; supervision
by Danielle Lang, D.C. Bar member.


**SO ORDERED AND ENTERED:**


This \_17th\_ day of \_\_June\_\_\_, 2020.


_____
Michael A. Shipp
United States District Judge

9