UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| LEAGUE OF WOMEN VOTERS OF NEW JERSEY, NAACP NEW JERSEY STATE CONFERENCE, WILLIAM M. RIGGS, SHAMISA ZVOMA, and DEBORAH J. RISKA,<br><br>Plaintiffs,<br><br>v.<br><br>TAHESHA WAY, in her official capacity as Secretary of the State of New Jersey,<br><br>Defendant. | No. 20-cv-05990-MAS-LHG<br><br>**STIPULATION OF SETTLEMENT** |

This Stipulation of Settlement ("Agreement"), by and between Plaintiffs League of Women Voters of New Jersey, NAACP New Jersey State Conference, William M. Riggs, Shamisa Zvoma, and Deborah J. Riska (collectively, "Plaintiffs") and the Secretary of State Tahesha Way (collectively, the "Parties"), settles the above-captioned action upon the terms and conditions herein.

WHEREAS, on June 17, 2020, the Court entered a Stipulation and Order granting a preliminary injunction filed jointly by the Parties; and

1

WHEREAS, on August 28, 2020, the State of New Jersey enacted the Ballot Cure Act (P.L. 2020, ch. 70), obviating the need for further injunctive relief; and

WHEREAS, Plaintiffs seek an amount of counsel fees and costs with regard to obtaining a preliminary injunction by stipulation of agreement; and

WHEREAS, the Parties having negotiated in good faith to come to an agreement with regard to counsel fees and costs, and the Parties having successfully negotiated those amounts; and

WHEREAS, the Parties wish to resolve the Plaintiffs' demand for counsel fees and costs, the Parties have consented and agreed to as follows:

1. The Parties agree that this matter is to be dismissed with prejudice.

2. The Parties agree that the Department of State shall pay the sum of Eighty Thousand ($80,000.00) ("Settlement Amount"), in full consideration of Plaintiffs' reasonable attorneys' fees and costs in this matter. The Settlement Amount shall be paid by check within 30 days of the execution of this stipulation as follows:

    a. Nineteen thousand six hundred eighty-seven dollars and fifty cents ($19,687.50) to Kaufman Lieb Lebowitz & Frick LLP;

    b. Nineteen thousand thirty-seven dollars and fifty cents ($19,037.50) to the New Jersey Institute for Social Justice; and

      c.  Forty-one thousand two hundred seventy-five dollars ($41,275.00) to Campaign Legal Center.

3. This Court shall retain jurisdiction over this matter in the event either Party fails to abide by this Settlement Agreement.

4. This Settlement Agreement shall constitute and embody the entire agreement between the Parties with respect to the settlement of this matter. No Party hereto has relied on any statement or representations not expressly set forth herein. This Settlement Agreement may not be changed except by a writing signed by all of the Parties hereto.

5. This Settlement Agreement shall be governed as to its validity, enforcement, and effect by federal law and the laws of the State of New Jersey. Each of the Parties hereto declares and represents that in entering into this Settlement Agreement, he, she, or it, in consultation with independent counsel of choice, has each carefully read the foregoing language, knows and understands the contents thereof.

6. This Settlement Agreement may be executed in any number of counterparts and/or via facsimile or electronic signatures, each of which shall be deemed to be an original, all of which when taken together shall be deemed to be one and the same Settlement Agreement.

7. If at any time after the date of execution of this Settlement Agreement,

any provision of this Agreement shall be held to be illegal, void, or unenforceable by a court of competent jurisdiction, such provision shall be of no force and effect. However, the illegality or unenforceability of such provision shall have no effect upon, and shall not impair the enforceability of, any other provision of this Settlement Agreement.

8.   This Settlement Agreement is binding upon, and shall inure to the benefit of the Parties, and their respective officers, directors, agents, employees, parents, subsidiaries, affiliated companies, related companies, predecessors, executors, administrators, other fiduciaries, successors, beneficiaries, heirs, and assigns.

9.   The language of all parts of this Agreement shall in all cases be construed, according to its fair meaning, and not strictly for or against any of the Parties.

[Signatures appear on next page]

**STIPULATED AND AGREED AS TO FORM AND ENTRY:**

| | |
|---|---|
| CAMPAIGN LEGAL CENTER | NEW JERSEY OFFICE OF THE ATTORNEY GENERAL |
| /s/ Danielle Lang<br>Danielle Lang*<br>Rob Weiner*<br>Ravi Doshi*<br>Dana Paikowsky*^<br>1101 14th Street NW, Suite 400<br>Washington, DC 20005 | s/Susan M. Scott<br>Susan M. Scott<br>Deputy Attorney General<br>25 Market Street<br>P.O. Box 112<br>Trenton, NJ 08625<br><br>*Counsel for Defendant* |

KAUFMAN LIEB LEBOWITZ & FRICK LLP

/s/ David A. Lebowitz
Alanna Kaufman
David A. Lebowitz*
10 East 40th Street, Suite 3307
New York, NY 10016

NEW JERSEY INSTITUTE FOR SOCIAL JUSTICE

/s/ Henal Patel
Ryan Haygood
Andrea McChristian*
Henal Patel
60 Park Place, Suite 511
Newark, New Jersey 07102

*Counsel for Plaintiffs*

\* Admitted
*pro hac vice*

^Licensed in CA only; supervision
by Danielle Lang, D.C. Bar member.